FILED
2018 Oct-17 PM 04:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| WALKER HENDERSON B. McINTURFF, | ] ] ] | |
| Plaintiff, | ] ] | |
| v. | ] ] | 4:18-cv-00730-ACA |
| ST. CLAIR COUNTY SHERIFF DEPARTMENT, et al., | ] ] ] | |
| Defendants. | ] | |

## **MEMORANDUM OPINION**

This matter comes before the court on Defendants' unopposed motion to dismiss the complaint. (Doc. 10).

Plaintiff Walker Henderson B. McInturff filed this lawsuit under 42 U.S.C. § 1983, asserting that the St. Clair County Sheriff's Department and its sheriff, Terry Surles, denied his right to reasonable bail, in violation of federal and state law. (Doc. 1). Defendants move to dismiss the complaint. (Doc. 10).

The court **WILL GRANT** the motion to dismiss and **WILL DISMISS** the complaint. The court concludes that the Sheriff's Department is not a legal entity subject to suit; Mr. Surles is entitled to immunity from the state law claims against him in his official capacity; Mr. McInturff failed to state a valid state law claim against Mr. Surles in his individual capacity; Mr. Surles is entitled to Eleventh

Amendment immunity from the federal claim against him in his official capacity; and Mr. Surles is entitled to qualified immunity from the federal claim against him in his individual capacity.

I. BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). Mr. McInturff alleges that in the early morning hours of May 12, 2016, he was arrested and charged with driving under the influence of alcohol and reckless driving. (Doc. 1 at 1–2). His father requested release on bond, but a Sheriff's Department policy prohibited setting a bond or releasing an arrestee on bond for at least 24 hours after the arrest if the arrestee was charged with driving under the influence. (*Id.* at 2–3). Bail was not set and Mr. McInturff was not released until 24 hours after the arrest. (*Id.* at 3).

Based on those facts, Mr. McInturff asserts that the Sheriff's Department and Mr. Surles violated his right, under the Eighth and Fourteenth Amendments to the United States Constitution, to a reasonable bail. (*Id.* at 4). He also asserts, under Alabama law, that they wrongfully arrested him and falsely imprisoned him. (*Id.*).

## II. DISCUSSION

Defendants move to dismiss the complaint for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. "To survive a motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Mr. McInturff names the Sheriff's Department and Mr. Surles, but he does not specify whether he sues Mr. Surles in his individual or official capacities. In the interest of judicial economy, the court will address both types of liability.

First, Defendants contend that the Sheriff's Department must be dismissed because it is not a legal entity subject to suit. (Doc. 11 at 8–9). The court agrees. "Under Alabama law, a county sheriff's department lacks the capacity to be sued." *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992); *King v. Colbert Cty.*, 620 So. 2d 623, 626 (Ala. 1993). Accordingly, the court **WILL DISMISS WITH PREJUDICE** the claims against the Sheriff's Department.

Next, Defendants contend that Mr. Surles is entitled to absolute immunity from the state law claims. (Doc. 11 at 15–16). Again, the court agrees. Article I,

§ 14 of the Alabama Constitution protects the State and its agents from liability for monetary damages on state law claims brought against it. *See Ala. State Univ. v. Danley*, 212 So. 3d 112, 124 (Ala. 2016) ("[Section] 14 provides absolute immunity from suit—and thus liability—for monetary damages based on state-law claims . . . ."); *Parker v. Amerson*, 519 So. 2d 442, 442–43 (Ala. 1987) (holding that, with exceptions for cases seeking certain types of injunctive relief, "[a] sheriff is an executive officer of the State of Alabama, who is immune from suit under Article I, § 14, Alabama Constitution of 1901, in the execution of the duties of his office"). Mr. McInturff seeks only monetary damages; as such, the Alabama Constitution bars his state law claims against Mr. Surles in his official capacity. The court **WILL DISMISS WITH PREJUDICE** the state law claims against Mr. Surles in his official capacity.

As for Mr. McInturff's state law claims against Mr. Surles in his individual capacity, the court finds that Mr. McInturff has failed to state a claim for wrongful arrest or false imprisonment. The complaint does not allege that Mr. Surles was present at Mr. McInturff's arrest or that he personally denied Mr. McInturff bail. (*See* Doc. 1 at 1–3). Accordingly, the court **WILL DISMISS WITHOUT PREJUDICE** the state law claims against Mr. Surles in his individual capacity.

Next, Mr. McInturff asserts a claim that Mr. Surles violated his right to reasonable bail under the Eighth and Fourteenth Amendments. (*Id.* at 4). To the

4

extent Mr. McInturff asserts that claim against Mr. Surles in his official capacity, the Eleventh Amendment provides him with immunity from the federal claim. "Eleventh Amendment immunity bars suits brought in federal court when the State itself is sued and when an 'arm of the State' is sued." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc). An Alabama sheriff sued for monetary damages in his official capacity is considered an arm of the State. *Carr v. City of Florence, Ala.*, 916 F.2d 1521 (11th Cir. 1990). Accordingly, the court **WILL DISMISS WITH PREJUDICE** the federal claim brought against Mr. Surles in his official capacity.

Finally, Mr. McInturff asserts an individual capacity claim against Mr. Surles for denial of reasonable bail. Defendants contend that Mr. Surles is entitled to qualified immunity from that claim. (Doc. 11 at 9–15). They base their argument on facts not included in the complaint. (*See id.* at 3 ("Left out of [Mr. McInturff's] assertion of facts is that [he] refused to take the field sobriety tests law enforcement asked him to take at the scene."); *id.* at 4 ("Again, [Mr. McInturff] does not include in his assertion of facts that he refused a breathalyzer test upon being booked into the jail."); *id.* at ("This case concerns the policy of the St. Clair County Sheriff's Office and of Sheriff Surles to hold arrestees for DUI for 24 hours, when they failed to submit to a breathalyzer test, which would establish a BAC.")). The court cannot consider facts outside the four

5

corners of the complaint.  *See Butler*, 685 F.3d at 1265.  Instead, the court must take as true Mr. McInturff's allegation that the St. Clair County Sheriff's Department has a policy of refusing to grant bail for at least 24 hours after an arrest for driving under the influence of alcohol.

Nevertheless, even under the facts as alleged in the complaint, the court agrees that Mr. Surles is entitled to qualified immunity.  "Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known."  *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018) (quotation marks omitted).  It is undisputed that Mr. Surles was acting within the scope of his discretionary authority.  Accordingly, Mr. McInturff must establish "that the facts alleged, construed in the light most favorable to [him], establish that a constitutional violation did occur.  And [he] must also show that law existing at the time the conduct occurred clearly established that the conduct violated the constitution."  *Id.* at 1099 (citation omitted).  The court "may decide these two issues in either order."  *Wate v. Kubler*, 839 F.3d 1012, 1018–19 (11th Cir. 2016).

Even assuming that the facts alleged would support a claim for the denial of reasonable bail—an assumption the court doubts—Mr. McInturff has not established that "the law existing at the time the conduct occurred clearly

6

established that the conduct violated the constitution." *Shaw*, 884 F.3d at 1099. The Eighth Amendment prohibits "[e]xcessive bail." U.S. Const. amend. VIII.[1] But the Eighth Amendment does not require a court or law enforcement to release a pre-trial detainee on bail. *See Campbell v. Johnson*, 586 F.3d 835 (2009) ("[T]he Excessive Bail Clause does not guarantee a right to bail . . . .") (quoting *United States v. Salerno*, 481 U.S. 739, 754 (1987)). Mr. McInturff has not pointed to any binding caselaw holding that a 24 hour delay in setting bail after an arrest for driving under the influence is a clearly established constitutional violation, nor has he established that "the conduct was so obviously prohibited . . . that the constitutional violation would be readily apparent to the [defendant] with obvious clarity." *Wate*, 839 F.3d at 1018. Accordingly, the court **WILL DISMISS WITH PREJUDICE** the claim against Mr. Surles in his individual capacity.

### III. CONCLUSION

The court **WILL GRANT** Defendant's unopposed motion to dismiss the complaint. The court **WILL DISMISS WITH PREJUDICE** the claims against the Sheriff's Department. The court **WILL DISMISS WITH PREJUDICE** the state law claims against Mr. Surles in his official capacity. The court **WILL**

---

[1] Although "[t]he Excessive Bail Clause has never expressly been incorporated by the Supreme Court to apply to the States" through the Fourteenth Amendment, the court will "follow the Supreme Court's lead in assuming that it has been incorporated." *See Walker v. City of Calhoun, Ga.*, 901 F.3d 1245, 1257 n.6 (11th Cir. 2018).

**DISMISS WITHOUT PREJUDICE** the state law claims against Mr. Surles in his individual capacity. The court **WILL DISMISS WITH PREJUDICE** the federal claim brought against Mr. Surles in his official capacity. The court **WILL DISMISS WITH PREJUDICE** the federal claim against Mr. Surles in his individual capacity.

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this October 17, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE